**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MALCOLM L. LANDRY, | No. 11-17588 |
| Plaintiff - Appellee, | D.C. No. 3:10-cv-04707-RS |
| v. | |
| MIKE BERRY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted June 25, 2013
Seattle, Washington

Before: McKEOWN, CALLAHAN, and IKUTA, Circuit Judges.

Mike Berry, a California Highway Patrol officer, appeals from the district

court's denial of summary judgment. We have jurisdiction under 28 U.S.C.

§ 1291, and we reverse.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

"[W]e are not precluded from hearing this interlocutory appeal merely because there are issues of fact in dispute." *Wilkins v. City of Oakland*, 350 F.3d 949, 951 (9th Cir. 2003). We may "determine if the denial of qualified immunity was proper by assuming that the version of events offered by [Malcolm Landry] is correct." *Id.*

We do not consider whether a constitutional violation occurred and decide only that the district court erred in holding that Berry was not entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 235–36 (2009). "Even law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). "[A]n officer who makes a reasonable mistake as to what the law requires under a given set of circumstances is entitled to the immunity defense." *Boyd v. Benton Cnty.*, 374 F.3d 773, 781 (9th Cir. 2004). We conclude that it would not have been "clear to a reasonable officer that [Berry's] conduct was unlawful in the situation he confronted," *Saucier v. Katz*, 533 U.S. 194, 202 (2001), because there is no decisional authority in this or other circuits establishing that detaining someone under the circumstances Berry confronted—repeated complaints about Landry's inexplicably erratic driving, the chaotic state of his car, observations of fresh

damage to his car and a nearby guardrail, his refusal to abide by instructions to remain at a hotel until he could be picked up, and his puzzling responses to Berry's questions—is unconstitutional. *See Stoot v. City of Everett*, 582 F.3d 910, 922 (9th Cir. 2009). Berry's conduct was not "so patently violative" of Landry's rights that he would have known "without guidance from the courts" that his actions were unlawful. *Boyd*, 374 F.3d at 781 (quoting *Deorle v. Rutherford*, 272 F.3d 1272, 1286 (9th Cir. 2001)). Accordingly, Berry is entitled to summary judgment on the basis of qualified immunity.

**REVERSED.**